The judgment of the court was pronounced by
Slidell, J.
In this cause the execution of a judgment was enjoined upon an allegation of payment. The district judge being satisfied by the evidence, that the judgment had been paid, perpetuated the injunction; and the judgment creditor has appealed.
*141 The judgment was rendered in 1825, and is not barred by prescription. Payment could not therefore be presumed from the mere lapse of time; it was incumbent upon the debtor to prove it. The witness upon this question of fact was a member of the bar who had been the counsel of the judgment debtors, to whom his services were rendered gratuitously. He is not their counsel in this case. He states the professional connection he had with the matter; the negotiations he conducted with the creditor; the fact of payment; and the subsequent acknowledgment of payment by the creditor. In portions of his deposition he speaks without qualification to the fact of payment; but in one portion of it he declares his belief of the fact, as far as he recollects. And it is upon this qualified character of the testimony that the appellant relies to obtain a reversal of the judgment.
We are not prepared to say that, if the testimony stood alone, we should feel authorised to disturb the decree of the district judge, who heard the witness, and from his character, and manner in testifying, could appreciate better than we can, not only his credibility, but the force and effect of what he said.
It must also be observed that a conscientious witness, after asserting what had occurred a long while ago, might naturally, in the course of his examination after-wards, qualify his assertion by speaking of the occurrences more guardedly, as matters of conviction and belief, resting upon the best of his recollection. There is no rule, says Mr. Greenleaf, that requires a witness to speak with such expression of certainty as to exclude all doubt in his mind. “If he has any recollection of a fact, he may express it as it lies in his memory; and it is for the jury to say what weight shall be given to it.” The very cautiousness of a witness might sometimes be received by the jury or judge as a strong assurance of his truthfulness and accuracy.
But the case does not rest solely upon the testimony of this witness. His testimony is aided by the surrounding facts and circumstances. For example, the long inaction of this creditor. We have said that the time which has elapsed is insufficient to defeat him by prescription. But still the lapse of time and staleness of the demand, comes in aid of the testimony as to the fact of payment. Moreover, a party who 'has slept on his rights, during so many years, until the memory of witnesses has become in some degree clouded, and the other means of proof may have been lost or impaired, has not a right to demand from his adversary the same full and strict evidence of payment as might properly be required in matters fresh and recent.
Being of opinion that the conviction expressed by the district judge, that the judgment has been paid, is warranted by the evidence, it is our duty to affirm the decree.
Judgment affirmed, with costs.